UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VSL Dokumentikos Namai<br><br>                    Plaintiff,<br><br>- against –<br><br><br><br>Elsevier, Inc<br>                    Defendant. | Docket No. 18-cv-4180<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff VSL Dokumentikos Namai ("VSL" or "Plaintiff") by and through its undersigned counsel, as and for its Complaint against Defendant Elsevier, Inc. ("Elsevier" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of three copyrighted photographs of a mummy, church and crypt, owned and registered by VSL, a news and media outlet. Accordingly, VSL seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 et seq. *eq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. VSL is a news and media outlet having a usual place of business at Odminiu g. 8 Vilnius LT-01122-Lithuania.

6. Upon information and belief, Elsevier is a foreign not-for-profit corporation duly organized and existing under the laws of Delaware with a place of business at 230 Park Ave., Elsevier, New York, NY 10169.

7. Upon information and belief, Elsevier is registered with the New York Department of State, Division of Corporations to do business in the State of New York.

8. Upon information and belief, at all times material hereto, Defendant has owned, controlled and operated the website at the URL: http://www.cell.com (the "Website).

## STATEMENT OF FACTS

**A.    Background and Plaintiff's Ownership of the Photograph**

9. VSL is the copyright claimant and owner of all rights in the photographs of the mummy, church and crypt (the "Photographs"). A true and correct copy of the Photographs is attached hereto as Exhibit A.

10. VSL is the owner of all right, title and interest in and to the Photographs, including the copyright thereto.

11. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-072-226, effective as of June 29, 2017. A true and correct copy of Copyright Registration Number VA 2-072-226 is attached hereto as Exhibit B.

B.      **Defendant's Infringing Activities**

12.     On December 8, 2016, Elsevier posted the Photographs on the Website in an article titled *17th Century Variola Virus Reveals the Recent History of Smallpox*.  See https://www.cell.com/current-biology/fulltext/S0960-9822(16)31324-0 (the "Article").  A True and correct of the Article featuring the Photographs is attached hereto as Exhibit C.

13.     Defendant did not license the Photograph from Plaintiff for its Website or any other use.

14.      Defendant did not have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST Elsevier)**
(17 U.S.C. §§ 106, 501)

15.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-14 above.

16.     Defendant infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website.  Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

17.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

18.     Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

19. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

20. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### (CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST ELSEVIER)
(17 U.S.C. §§ 106, 501)

21. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-20 above.

22. Defendant caused others to infringe Plaintiff's copyright in the Photographs by distributing the Photographs and making the Photographs available for purchasing by other media outlets through EurekaAlert.org, a science news redistribution website. A true and correct copy of screenshots showing the images on EurekaAlert.org identifying Cell Press as their source is attached hereto as Exhibit D.

23. Numerous other media outlet believed they had obtained valid rights to the Photographs through EurekaAlert.org, and published the Photographs without authorization from Plaintiff.

24. Elsevier knew the copyright in the photographs were owned by Plaintiff.

25. Elsevier knew that making the Photographs available on EurekaAlert.org would cause others to publish the Photographs.

26. The acts of Defendant complained of herein constitute contributory infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

27. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

28. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

29. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Elsevier be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant Elsevier be ordered to remove the Photograph from its Website and from EurekaAlert.org;

3. That, with regard to the First Claim for Relief, Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs;

4.  That, with regard to the Second Claim for Relief, Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's unlicensed distribution infringement of Plaintiff's Photographs;

5.  That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6.  That Plaintiff be awarded pre-judgment interest; and

7.  Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
May 9, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/Joseph A. Dunne
    Joseph A. Dunne (JD0674)
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
JD@LiebowitzLawFirm.com

*Attorneys for Plaintiff*
VSL Dokumentikos Namai